## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| YETI Coolers, LLC, | Case No. 1:18-cv-00630 |
| Plaintiff, | COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR: |
| v. | |
| Dmitriy Goroshin d/b/a YETI Touch | (1) **TRADEMARK INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1114(1);** |
| and | (2) **TRADEMARK INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1125(a);** |
| Rongo, Inc. d/b/a YETI Touch | (3) **TRADEMARK DILUTION IN VIOLATION OF 15 U.S.C. § 1125(c);** |
| Defendants. | (4) **TRADEMARK DILUTION IN VIOLATION OF TEX. BUS. & COM. CODE § 16.103;** |
| | (5) **UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN IN VIOLATION OF 15 U.S.C. § 1125(a);** |
| | (6) **CYBERPIRACY IN VIOLATION OF 15 U.S.C. § 1125(d);** |
| | (7) **COMMON LAW TRADEMARK INFRINGEMENT;** |
| | (8) **COMMON LAW UNFAIR COMPETITION;** |
| | (9) **COMMON LAW MISAPPROPRIATION; AND** |
| | (10) **UNJUST ENRICHMENT.** |
| | **Jury Trial Demanded** |

## COMPLAINT

Plaintiff, YETI Coolers, LLC ("YETI"), for its complaint against  Dmitriy Goroshin d/b/a YETI Touch and Rongo, Inc., d/b/a YETI Touch, (collectively, "Defendants"), alleges as follows:

## The Parties

1.      YETI is a company organized and existing under the laws of the State of Delaware with a principal place of business at 7601 Southwest Parkway, Austin, TX 78735.

2.      On information and belief, Dmitriy Goroshin is an individual residing in Alpharetta, GA and is the registered agent for Rongo, Inc., d/b/a YETI Touch.  On information and belief, Dmitriy Goroshin does business under the name YETI Touch, including through the websites  https://yetitouch.com,  https://yt-touch.com,  https://www.indiegogo.com/projects/fast-defrosting-tray-by-yt-touch#/,  and  https://www.kickstarter.com/projects/837445252/yeti-touch-defrosting-tray.

3.      On information and belief, Rongo, Inc. is a corporation organized and existing under the laws of the State of Georgia with a principal place of business at 7742 Spalding Dr. Suite 519, Norcross, GA 30092 and a registered office address at 3855 Holcomb Bridge Rd. Suite 300, Norcross, GA 30092. On information and belief, Rongo, Inc. does business under the name YETI Touch, including through the websites https://yetitouch.com, https://yt-touch.com, https://www.indiegogo.com/projects/fast-defrosting-tray-by-yt-touch#/,                  and https://www.kickstarter.com/projects/837445252/yeti-touch-defrosting-tray.

## Jurisdiction and Venue

4.      This is an action for trademark infringement, trademark dilution, unfair competition and false designation of origin, cyberpiracy, misappropriation, and unjust enrichment.  This action arises under the Texas Business & Commerce Code, the Trademark Act of 1946, 15 U.S.C. § 1051, *et seq*. ("the Lanham Act"), federal common law, and state common law, including the law of Texas.

5.      This Court has subject matter jurisdiction over this action pursuant to at least 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338(a) & (b), and 1367(a).

6.      This Court has personal jurisdiction over Defendants because, *inter alia*, Defendants are doing business in the State of Texas, including in this District.  For example, and as discussed in more detail below, (i) Defendants have advertised, promoted, offered for sale, sold, and/or distributed, and continue to advertise, promote, offer for sale, sell, and/or distribute, products using YETI's Trademarks, or colorable imitations thereof, to customers and/or potential customers, including in this District, through Defendants' websites, including, for example, e.g., https://yetitouch.com, https://yt-touch.com, https://www.indiegogo.com/projects/fast-defrosting-tray-by-yt-touch#/,  and  https://www.kickstarter.com/projects/837445252/yeti-touch-defrosting-tray, (ii) Defendants' tortious acts giving rise to this lawsuit and harm to YETI have occurred and are occurring in the State of Texas, including in this District, (iii) on information and belief, Defendants' acted with knowledge that their unauthorized use of YETI's rights would cause harm to YETI in the State of Texas and in this District, and (iv) Defendants' customers and/or potential customers reside in the State of Texas, including in this District.

7.      Venue is proper in this District pursuant to at least 28 U.S.C. §§ 1391(b) and (c).

### General Allegations – YETI's Intellectual Property

8.      YETI has used the trademark "YETI" throughout the United States in connection with advertising and promoting YETI's goods and services, including, *inter alia*, portable coolers, cutting boards, beverageware, apparel, and insulated food and drink containers.

9.      In view of YETI's extensive and continuous use of "YETI," consumers have come to associate "YETI" as a source identifier of YETI, and YETI owns trademark rights in "YETI," including owning several trademark registrations for the  "YETI" trademark, such as:

i.   Trademark Registration No. 3,203,869  ("the '869 Registration") for "YETI" for "portable coolers";

ii.   Trademark Registration No. 4,818,317 ("the '317 Registration") for "YETI TANK" for "portable coolers";

iii.   Trademark Registration No. 4,833,419 ("the '419 Registration") for "YETI COLSTER" for "stainless steel drink holders";

iv.   Trademark Registration No. 4,948,370 ("the '370 Registration") for YETI for "clothing, namely, shirts, jerseys, shorts, pants, hats, caps, sweatshirts, socks, jackets";

v.   Trademark Registration No. 4,948,371 ("the '371 Registration") for "YETI" for "clothing, namely, t-shirts, jerseys, shorts, hats, caps, sweatshirts, socks, jackets";

vi.   Trademark Registration No. 5,277,220 ("the '220 Registration") for "YETI BRICK" for "bottle openers";

vii.   Trademark Registration No. 5,329,935 ("the '935 Registration") for "YETI HOPPER" for "portable coolers";

viii.   Trademark Registration No. 5,409,905 ("the '905 Registration") for "YETI RAMBLER" for "beverageware; cups; drinking glasses; tumblers for use as drinking vessels; jugs; mugs; temperature-retaining drinking vessels; storage containers for household or domestic use, namely, vacuum container for hot or cold food and drink; beer growlers; insulated food and drink containers; insulating sleeve holder for beverage cups; thermal insulated drink holder; portable stainless steel drink holders for holding individual cups, cans, and

4

bottles; stainless steel tumblers for use as drinking vessels; stainless steel

drinking glasses; stainless steel beverageware"; and

Copies of these trademark registrations are attached as Exhibits 1-8.  Additionally, the '869, '370, and '371 Registrations are incontestable pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065, and thus serve as conclusive evidence of their validity and of YETI's exclusive rights to use these marks in commerce pursuant to 15 U.S.C. § 1115(b).  YETI also has common law rights in the "YETI" trademark based on YETI's use of "YETI" in commerce in connection with YETI's goods and services, including, *inter alia*, portable coolers, cutting boards, beverageware, apparel, and insulated food and drink containers.  YETI's rights in the "YETI" trademarks, including its registered and common law rights, are collectively referred to as "YETI's Trademarks."

10.   Exemplary images of YETI products bearing YETI's Trademarks are shown below in Illustration 1.

| Illustration 1:  Exemplary Images of YETI® Products Bearing YETI's Trademarks |
| --- |



11.     As a result of, *inter alia*, YETI's exclusive, continuous and substantial use of YETI's Trademarks, YETI's exclusive, continuous, and substantial advertising and promoting of products bearing YETI's Trademarks, and the publicity and attention that has been paid to YETI's Trademarks, these trademarks have become famous and have acquired valuable goodwill in the marketplace, as consumers have come to uniquely associate YETI's Trademarks as source identifiers of YETI.

### General Allegations – Defendants' Unlawful Activities

12.     Defendants have purposefully and unlawfully used and continue to purposefully and unlawfully use YETI's Trademarks and/or colorable imitations thereof in connection with *inter alia*, advertising, promoting, offering to sell, selling, and/or distributing Defendants' products, and are thereby infringing and diluting YETI's Trademarks and intentionally trading on YETI's goodwill.  Defendants' actions have all been without the authorization of YETI, and

in violation of YETI's rights, including the rights protected by YETI's intellectual property, including YETI's Trademarks.

13.     Defendants are violating YETI's rights by using at least "YETI," "YETI Touch," "YT Touch," "yetitouch.com," and "yt-touch.com" in commerce to *inter alia*, advertise, promote, offer to sell, sell, and/or distribute Defendants' products, including at least defrosting trays and cutting board that are substantially similar to YETI's goods.  Examples of Defendants' infringing uses of YETI's Trademarks and/or colorable imitations thereof are shown below in Illustration 2.

| Illustration 2:  Examples of Defendants' Infringement of YETI's Trademarks |
| --- |



14.     As a result of Defendants' activities related to their use of YETI's Trademarks and/or colorable imitations thereof, there is a likelihood of confusion between Defendants and their products on the one hand, and YETI and its products on the other hand.

15.     YETI used YETI's Trademarks extensively and continuously before Defendants began advertising, promoting, selling, offering to sell, or distributing their products using YETI's Trademarks and/or colorable imitations thereof.  Moreover, YETI's Trademarks became famous in the United States and in the State of Texas generally and in geographic areas in Texas before Defendants commenced unlawful use of YETI's Trademarks.

16.     On information and belief, Defendants were aware of YETI's Trademarks before Defendants began advertising, promoting, selling, offering to sell, or distributing their products using YETI's Trademarks and/or colorable imitations thereof.

17.     Defendants' use of YETI's Trademarks and/or colorable imitations thereof has been intentional, willful, and malicious.  Defendants' bad faith is evidenced at least by Defendants' direct copying and unlawful use of YETI's Trademarks and/or colorable imitations thereof with knowledge of YETI's Trademarks and with the intent of benefiting from YETI's goodwill in YETI's Trademarks.

18.     As discussed above and as set forth in the counts below, Defendants' actions are unfair and unlawful.

## Count I:
## Trademark Infringement under § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)

19.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 18 as though fully set forth herein.

20.     Based on the activities described above, including, for example, Defendants' use of YETI's Trademarks, including Defendants' use of at least the trademarks protected by the '869 Registration, the '317 Registration, the '419 Registration, the '370 Registration, the '371 Registration, the '220 Registration, the '935 Registration, the '905 Registration, and/or colorable imitations thereof, in connection with advertising, promoting, offering for sale, selling, and/or

distributing their products, Defendants have infringed YETI's Trademarks under § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).   Defendants' use of YETI's Trademarks and/or colorable imitations thereof is likely to cause confusion, or to cause mistake, or to deceive.   Moreover, YETI's uses in commerce of the trademarks protected by the '869, '317, '419, '370, '371, '220, '935, and '905 Registrations predate Defendants' unlawful use of YETI's Trademarks and/or colorable imitations thereof in connection with Defendants' products.

21.     Defendants' use of YETI's Trademarks and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's Trademarks, YETI's products, and YETI.

22.     On information and belief, Defendants' use of YETI's Trademarks and/or colorable imitations thereof has been intentional, willful, and malicious.   Defendants' bad faith is evidenced at least by Defendants' unlawful use of YETI's Trademarks and/or colorable imitations thereof in an effort to sell their products, Defendants' knowledge of YETI's rights, and Defendants' continuing disregard for YETI's rights.

23.     YETI is entitled to injunctive relief, and YETI is entitled to recover at least Defendants' profits, YETI's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1114(1), 1116, and 1117.

**Count II:**
**Trademark Infringement under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)**

24.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 23 as though fully set forth herein.

25.     Based on the activities described above, including, for example, Defendants' use of YETI's Trademarks and/or colorable imitations thereof in connection with advertising, promoting, offering for sale, selling, and/or distributing their products, Defendants violate § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).  Defendants' use of YETI's Trademarks and/or colorable imitations thereof is likely to cause confusion, mistake, or deception as to the affiliation, connection, and/or association of Defendants with YETI and as to the origin, sponsorship, and/or approval of Defendants' products, at least by creating the false and misleading impression that Defendants' products are manufactured by, sold by, authorized by, or otherwise associated with YETI.

26.     YETI's Trademarks are entitled to protection under the Lanham Act.  YETI has extensively and continuously promoted and used its Trademarks in the United States.  Through that extensive and continuous use, YETI's Trademarks have become well-known indicators of the origin and quality of YETI's products.  YETI's Trademarks are also inherently distinctive. Moreover, YETI's rights in YETI's Trademarks predate Defendants' unlawful use of YETI's Trademarks and/or colorable imitations thereof in connection with Defendants' products.

27.     Defendants' use of YETI's Trademarks and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's Trademarks, YETI's products, and YETI.

28.     On information and belief, Defendants' use of YETI's Trademarks and/or colorable imitations thereof has been intentional, willful, and malicious.  Defendants' bad faith is evidenced at least by Defendants' unlawful use of YETI's Trademarks and/or colorable imitations thereof in an effort to sell their products, Defendants' knowledge of YETI's rights, and Defendants' continuing disregard for YETI's rights.

29.     YETI is entitled to injunctive relief, and YETI is entitled to recover at least Defendants' profits, YETI's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

**Count III:**
**Trademark Dilution under § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)**

30.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 29 as though fully set forth herein.

31.     Based on the activities described above, including, for example, Defendants' use of YETI's Trademarks and/or colorable imitations thereof in connection with advertising, promoting, offering for sale, selling, and/or distributing their products, Defendants are likely to dilute, have diluted, and continue to dilute YETI's Trademarks in violation of § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).  Defendants' use of YETI's Trademarks and/or colorable imitations thereof is likely to cause, and has caused, dilution of YETI's famous trademarks at least by eroding the public's exclusive identification of YETI's famous trademarks with YETI, by lessening the capacity of YETI's famous trademarks to identify and distinguish YETI's products, and by impairing the distinctiveness of YETI's famous trademarks.

32.     YETI's Trademarks are famous and are entitled to protection under the Lanham Act. YETI has extensively and continuously promoted and used YETI's Trademarks throughout the United States.  Through that extensive and continuous use, YETI's Trademarks have become

famous and well-known indicators of the origin and quality of YETI's products throughout the United States, and YETI's Trademarks are widely recognized by the public throughout the United States as a designation of the source of YETI and YETI's products. Moreover, YETI's Trademarks became famous before Defendants commenced their unlawful use of YETI's Trademarks and/or colorable imitations thereof in connection with Defendants' products.

33.    Defendants' use of YETI's Trademarks and/or colorable imitations thereof has caused, and, unless enjoined, will continue to cause, substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's Trademarks, YETI's products, and YETI.

34.    On information and belief, Defendants' use of YETI's Trademarks and/or colorable imitations thereof has been intentional, willful, and malicious. Defendants' bad faith is evidenced at least by Defendants' unlawful use of YETI's Trademarks and/or colorable imitations thereof in an effort to sell their products, Defendants' knowledge of YETI's rights, and Defendants' continuing disregard for YETI's rights.

35.    YETI is entitled to injunctive relief, and YETI is entitled to recover at least Defendants' profits, YETI's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1114(1), 1116, and 1117.

**Count IV:**
**Trademark Dilution Under Tex. Bus. & Com. Code § 16.103**

36.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 35 as though fully set forth herein.

37.    Based on the activities described above, including, for example, Defendants' use of YETI's Trademarks and/or colorable imitations thereof in connection with advertising,

promoting, offering for sale, selling, and/or distributing their products, Defendants are likely to dilute, have diluted, and continue to dilute YETI's Trademarks in violation § 16.103 of the Texas Business & Commerce Code.   Defendants' use of YETI's Trademarks and/or colorable imitations thereof is likely to cause, and has caused, dilution of YETI's famous trademarks at least by eroding the public's exclusive identification of YETI's famous trademarks with YETI, by lessening the capacity of YETI's famous trademarks to identify and distinguish YETI's products, and by impairing the distinctiveness of YETI's famous trademarks.

38.    YETI's Trademarks are famous and are entitled to protection under Texas law. YETI has extensively and continuously promoted and used YETI's Trademarks in the State of Texas.   Through that extensive and continuous use, YETI's Trademarks have become famous and well-known indicators of the origin and quality of YETI's products in the State of Texas generally and in geographic areas in Texas, and YETI's Trademarks are widely recognized by the public in the State of Texas generally and in geographic areas in Texas as a designation of the source of YETI and YETI's products.   Moreover, YETI's Trademarks became famous before Defendants commenced their unlawful use of YETI's Trademarks and/or colorable imitations thereof in connection with Defendants' products.

39.    Defendants' use of YETI's Trademarks and/or colorable imitations thereof has caused, and, unless enjoined, will continue to cause, substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's Trademarks, YETI's products, and YETI.

40.    On information and belief, Defendants' use of YETI's Trademarks and/or colorable imitations thereof has been intentional, willful, and malicious.   Defendants' bad faith is

evidenced at least by Defendants' unlawful use of YETI's Trademarks and/or colorable imitations thereof in an effort to sell their products, Defendants' knowledge of YETI's rights, and Defendants' continuing disregard for YETI's rights.

41.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Defendants' profits, YETI's actual damages, enhanced profits and damages, and reasonable attorney fees under at least Tex. Bus. & Com. Code § 16.104.

**Count V:**
**Unfair Competition and False Designation of Origin under § 43(a)**
**of the Lanham Act, 15 U.S.C. § 1125(a)**

42.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 41 as though fully set forth herein.

43.     Based on the activities described above, including, for example, Defendants' use of YETI's Trademarks and/or colorable imitations thereof to advertise, market, promote, offer to sell, sell, and/or distribute their products in direct competition with YETI, Defendants violate § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and their actions constitute unfair competition and false designation of origin, at least because Defendants have obtained an unfair advantage as compared to YETI through Defendants' use of YETI's Trademarks and/or colorable imitations thereof and because such uses are likely to cause consumer confusion as to the origin and/or sponsorship/affiliation of Defendants' products, at least by creating the false and misleading impression that their products are manufactured by, sold by, authorized by, or otherwise associated with YETI.

44.     YETI's Trademarks are entitled to protection under the Lanham Act.  YETI has extensively and continuously promoted and used its Trademarks in the United States.  Through that extensive and continuous use, YETI's Trademarks have become well-known indicators of

the origin and quality of YETI's products.  YETI's Trademarks are also inherently distinctive. Moreover, YETI's rights in YETI's Trademarks predate Defendants' unlawful use of YETI's Trademarks and/or colorable imitations thereof in connection with Defendants' products.

45.     Defendants' use of YETI's Trademarks and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's Trademarks, YETI's products, and YETI.

46.     On information and belief, Defendants' use of YETI's Trademarks and/or colorable imitations thereof has been intentional, willful, and malicious.  Defendants' bad faith is evidenced at least by Defendants' unlawful use of YETI's Trademarks and/or colorable imitations thereof in an effort to sell their products, Defendants' knowledge of YETI's rights, and Defendants' continuing disregard for YETI's rights.

47.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Defendants' profits, YETI's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

**Count VI:**
**Cyberpiracy in Violation of 15. U.S.C. § 1125(d)**

48.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 47 as though fully set forth herein.

49.     Defendants registered, trafficked in, used, and continue to use domain names—including at least yetitouch.com and yt-touch.com—that include YETI's Trademarks, that are confusingly similar to YETI's Trademarks, and/or that are dilutive of YETI's Trademarks.

Defendants' acquisition of, and subsequent use of, at least yetitouch.com and yt-touch.com violates § 43(d) of the Lanham Act, 15 U.S.C. § 1125(d) and constitutes Cyberpiracy.

50. YETI's Trademarks are entitled to protection under the Lanham Act. YETI has extensively and continuously promoted and used YETI's Trademarks in the United States. Through that extensive and continuous use, YETI's Trademarks have become well-known indicators of the origin and quality of YETI's products. YETI's Trademarks are also inherently distinctive. Moreover, YETI's rights in YETI's Trademarks predate Defendants' unlawful use of YETI's Trademarks in connection with the yetitouch.com and yt-touch.com domains.

51. On information and belief, Defendants had and continue to have a bad faith intent to profit from YETI's Trademarks.

52. Defendants' use of at least yetitouch.com and yt-touch.com has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's Trademarks, YETI's products, and YETI.

53. YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Defendants' profits, YETI's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1125(d), 1116, and 1117. YETI is further entitled to have yetitouch.com and yt-touch.com cancelled and/or transferred to YETI.

**Count VII:**
**Common Law Trademark Infringement**

54. YETI realleges and incorporates the allegations set forth in paragraphs 1 through 53 as though fully set forth herein.

55.     Defendants' activities described above, including, for example, their use of YETI's Trademarks and/or colorable imitations thereof in direct competition with YETI, constitute common law trademark infringement, at least because Defendants' use of YETI's Trademarks and/or colorable imitations thereof is likely to cause confusion, mistake, or deception as to the affiliation, connection, and/or association of Defendants with YETI and as to the origin, sponsorship, and/or approval of Defendants' products, at least by creating the false and misleading impression that Defendants' products are manufactured by, sold by, authorized by, or otherwise associated with YETI.

56.     YETI's Trademarks are entitled to protection under the common law.  YETI has extensively and continuously promoted and used YETI's Trademarks in the United States and the State of Texas.  Through that extensive and continuous use, YETI's Trademarks have become well-known indicators of the origin and quality of YETI's products.  YETI's Trademarks are also inherently distinctive.  Moreover, YETI's rights in YETI's Trademarks predate Defendants' unlawful use of YETI's Trademarks and/or colorable imitations thereof in connection with Defendants' products.

57.     Defendants' use of YETI's Trademarks and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's Trademarks, YETI's products, and YETI.

58.     On information and belief, Defendants' use of YETI's Trademarks and/or colorable imitations thereof has been intentional, willful, and malicious.  Defendants' bad faith is evidenced at least by Defendants' unlawful use of YETI's Trademarks and/or colorable

imitations thereof in an effort to sell their products, Defendants' knowledge of YETI's rights, and Defendants' continuing disregard for YETI's rights.

59.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, Defendants' profits, punitive damages, costs, and reasonable attorney fees.

**Count VIII:**
**Common Law Unfair Competition**

60.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 59 as though fully set forth herein.

61.     Defendants' activities described above, including, for example, their use of YETI's Trademarks and/or colorable imitations thereof to advertise, market, promote, offer to sell, sell, and/or distribute their products in direct competition with YETI, constitute common law unfair competition, at least due to Defendants' palming off/passing off their goods and services as those of YETI, by virtue of simulating YETI's Trademarks, and/or by using YETI's Trademarks in a manner that is likely to cause consumer confusion as to the origin and/or sponsorship/affiliation of Defendants' products, at least by creating the false and misleading impression that their products are manufactured by, sold by, authorized by, or otherwise associated with YETI.  Defendants have also interfered with YETI's business and obtained an unfair advantage compared to YETI.

62.     YETI's Trademarks are entitled to protection under the common law.  YETI has extensively and continuously promoted and used its Trademarks in the United States and the State of Texas.  Through that extensive and continuous use, YETI's Trademarks have become well-known indicators of the origin and quality of YETI's products.  YETI's Trademarks are also inherently distinctive.  Moreover, YETI's rights in YETI's Trademarks predate Defendants'

19

unlawful use of YETI's Trademarks and/or colorable imitations thereof in connection with Defendants' products.

63.     Defendants' use of YETI's Trademarks and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's Trademarks, YETI's products, and YETI.

64.     On information and belief, Defendants' use of YETI's Trademarks and/or colorable imitations thereof has been intentional, willful, and malicious.  Defendants' bad faith is evidenced at least by Defendants' unlawful use of YETI's Trademarks and/or colorable imitations thereof in an effort to sell their products, Defendants' knowledge of YETI's rights, and Defendants' continuing disregard for YETI's rights.

65.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, Defendants' profits, punitive damages, costs, and reasonable attorney fees.

**Count IX:**
**Common Law Misappropriation**

66.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 65 as though fully set forth herein.

67.     Defendants' activities described above, including, for example, their use of YETI's Trademarks and/or colorable imitations thereof to advertise, market, promote, offer to sell, sell, and/or distribute their products in direct competition with YETI, constitute common law misappropriation.

68.     YETI has developed YETI's Trademarks and the goods and services sold in connection with YETI's Trademarks through extensive time, labor, effort, skill, and money.

Defendants have wrongfully used YETI's Trademarks and/or colorable imitations thereof in competition with YETI and gained a special advantage because Defendants were not burdened with the expenses incurred by YETI.  Defendants have commercially damaged YETI, at least by causing consumer confusion as to origin and/or sponsorship/affiliation of Defendants' products, by creating the false and misleading impression that their products are manufactured by, sold by, authorized by, or otherwise associated with YETI, and by attempting to and/or taking away sales that YETI would have made.

69.      YETI's Trademarks are entitled to protection under the common law.  YETI has extensively and continuously promoted and used its Trademarks in the United States and the State of Texas.  Through that extensive and continuous use, YETI's Trademarks have become well-known indicators of the origin and quality of YETI's products.  YETI's Trademarks are also inherently distinctive. Moreover, YETI's rights in YETI's Trademarks predate Defendants' unlawful use of YETI's Trademarks and/or colorable imitations thereof in connection with Defendants' products.

70.      Defendants' use of YETI's Trademarks and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's Trademarks, YETI's products, and YETI.  Moreover, as a result of their misappropriation, Defendants have profited and continue to profit by misappropriating the time, effort, and money that YETI invested in establishing the reputation and goodwill associated with YETI's Trademarks and the goods and services sold in connection with YETI's Trademarks.

71.     On information and belief, Defendants' misappropriation of YETI's Trademarks has been intentional, willful, and malicious.  Defendants' bad faith is evidenced at least by Defendants' unlawful use of YETI's Trademarks and/or colorable imitations thereof in an effort to sell their products, Defendants' knowledge of YETI's rights, and Defendants' continuing disregard for YETI's rights.

72.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, Defendants' profits, punitive damages, costs, and reasonable attorney fees.

**Count X:**
**Unjust Enrichment**

73.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 72 as though fully set forth herein.

74.     Defendants' activities described above, including, for example, their use of YETI's Trademarks and/or colorable imitations thereof to advertise, market, promote, offer to sell, sell, and/or distribute their products in direct competition with YETI, constitute unjust enrichment, at least because Defendants have wrongfully obtained benefits at YETI's expense. Defendants have also, *inter alia*, operated with an undue advantage.

75.     YETI developed YETI's Trademarks and the goods and services sold in connection with YETI's Trademarks through extensive time, labor, effort, skill, and money. Defendants have wrongfully used and are wrongfully using YETI's Trademarks and/or colorable imitations thereof in competition with YETI, and have gained and are gaining a wrongful benefit and undue advantage through such use.  Defendants have not been burdened with the expenses incurred by YETI, yet Defendants are obtaining the resulting benefits for their own business and products.

76.     YETI's Trademarks are entitled to protection under the common law.  YETI has extensively and continuously promoted and used its Trademarks in the United States and the State of Texas.  Through that extensive and continuous use, YETI's Trademarks have become well-known indicators of the origin and quality of YETI's products.  YETI's Trademarks are also inherently distinctive.  Moreover, YETI's rights in YETI's Trademarks predate Defendants' unlawful use of YETI's Trademarks and/or colorable imitations thereof in connection with Defendants' products.

77.     Defendants' use of YETI's Trademarks and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's Trademarks, YETI's products, and YETI.  YETI accumulated this goodwill and reputation through extensive time, labor, effort, skill, and investment.  Defendants have wrongfully obtained and are wrongfully obtaining a benefit at YETI's expense by taking undue advantage and free-riding on YETI's efforts and investments, and enjoying unearned benefits of YETI's hard-earned goodwill and reputation.

78.     On information and belief, Defendants' unjust enrichment at YETI's expenses has been intentional, willful, and malicious.  Defendants' bad faith is evidenced at least by Defendants' unlawful use of YETI's Trademarks and/or colorable imitations thereof in an effort to sell their products, Defendants' knowledge of YETI's rights, and Defendants' continuing disregard for YETI's rights.

79.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Defendants' profits.

**Demand for Jury Trial**

YETI hereby demands a jury trial on all issues so triable.

**Relief Sought**

WHEREFORE, Plaintiff respectfully prays for:

1.      Judgment that Defendants have (i) infringed YETI's registered trademarks in violation of § 1114(1) of Title 15 in the United States Code; (ii) infringed YETI's trademarks in violation of § 1125(a) of Title 15 in the United States Code; (iii) diluted YETI's trademarks in violation of § 1125(c) of Title 15 in the United States Code; (iv) diluted YETI's trademarks in violation of Tex. Bus. & Com. Code § 16.103; (v) engaged in unfair competition and false designation of origin in violation of § 1125(a) of Title 15 in the United States Code; (vii) engaged in cyberpiracy in violation of 15 U.S.C. § 1125(d) of Title 15 in the United States Code; (vii) violated YETI's common law rights in YETI's trademarks; (viii) engaged in common law unfair competition; (ix) engaged in common law misappropriation; (x) been unjustly enriched at YETI's expense; and that all of these wrongful activities by Defendants were willful;

2.      An injunction against further infringement and dilution of YETI's trademarks, and further acts of unfair competition, misappropriation, and unjust enrichment by Defendants, and each of their agents, employees, servants, attorneys, successors and assigns, licensees, and all others in privity or acting in concert with any of them, including at least from using a copy, reproduction, or colorable imitation of YETI's trademarks to sell, offer to sell, distribute, or advertise Defendants' products, pursuant to at least 15 U.S.C. § 1116 and Tex. Bus. & Com. Code § 16.104;

3.      An Order to cancel and/or transfer the https://yetitouch.com and https://yt-touch.com domain names to YETI;

4.      An Order that Defendants pay YETI for all profits and damages resulting from Defendants' cyberpiracy activities and that the award to YETI be trebled, as provided for under 15 U.S.C. § 1117, or, at YETI's election, that YETI be awarded statutory damages from Defendants in the amount of $100,000.00 per cyberpirated domain name used, as provided by at least 15 U.S.C. § 1117(d);

5.      An Order directing the destruction of all labels, signs, prints, packages, wrappers, receptacles, and advertisements, including on the Internet, in the possession, custody, or control, of Defendants, bearing YETI's trademarks and/or colorable imitations thereof, pursuant to at least 15 U.S.C. § 1118;

6.      An award of Defendants' profits, YETI's actual damages, enhanced damages, exemplary damages, costs, prejudgment and post judgment interest, and reasonable attorney fees pursuant to at least 15 U.S.C. §§ 1114(1), 1125(a), 1125(c), 1116, and 1117 and Tex. Bus. & Com. Code § 16.104; and

7.      Such other and further relief as this Court deems just and proper.


Dated:  July 27, 2018                          Respectfully submitted,


By: /s/ Joseph J. Berghammer

Joseph J. Berghammer (admitted in the Western District of Texas)
Illinois Bar No. 6273690
jberghammer@bannerwitcoff.com
Sean J. Jungels (admitted in the Western District of Texas)
Illinois Bar No. 6303636
sjungels@bannerwitcoff.com
Banner & Witcoff, Ltd.
Ten South Wacker Drive
Suite 3000
Chicago, IL 60606-7407

Telephone: (312) 463-5000
Facsimile: (312) 463-5001

**ATTORNEYS FOR YETI COOLERS, LLC**